**Laurie TARDIFF, Plaintiff,**

v.

**KNOX COUNTY, Daniel Davey, in his individual capacity and in his official capacity as Knox County Sheriff, and Jane Doe and John Doe, in their individual capacities, Defendants.**

Civ. No. 02–251–P–C.

United States District Court, D. Maine.

Jan. 12, 2005.

Dale F. Thistle, Law Office of Dale F. Thistle, Newport, ME, Sumner H. Lipman, Robert J. Stolt, Lipman, Katz & McKee, Augusta, ME, Frank P. Diprima, Law Office of Frank P. Diprima, Morristown, NJ, for Plaintiff.

John J. Wall, III, Monaghan Leahy, LLP, Portland, ME, Peter T. Marchesi, Wheeler & Arey, P.A., Waterville, ME, for Defendants.

## MEMORANDUM OF DECISION AND ORDER DENYING THE RELIEF REQUESTED BY PLAINTIFF'S MOTION IN AID OF IDENTIFICATION OF CLASS MEMBERS

GENE CARTER, Senior District Judge.

Now before the Court is Plaintiff's Motion and Supporting Memorandum for Order in Aid of Identification of Class Members (Docket Item No. 53).[1] After thoroughly reviewing the Motion, the responsive pleadings, as well as the affidavits and exhibits filed in connection with those pleadings, the Court concludes that Plaintiff should bear the burden of locating the identifying information on the detainees who were strip-searched during the class period. If the records kept by Defendants are inaccurate or incomplete, the Court will address that issue as it becomes relevant as this case proceeds.

■ This Motion raises the issue of who should bear the burden of identifying class members for purposes of sending notice to those individuals. The general rule is that Plaintiff must bear the burden and initial cost of identifying class members entitled to receive individual notification under Rule 23(c). *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 179, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). The case law has developed two exceptions to this general rule, neither of which is applicable in this case. Plaintiff contends, however, that the Knox County Jail's failure to obey the law in its record-keeping thwarts the identification of class members and, therefore, asks this Court to order Defendants to produce a comprehensive list of all detainees and to produce copies of booking sheets for each detainee during the class period.

The Maine statute governing strip searches states, in relevant part, "[e]ach strip search or body cavity search shall be recorded in a log kept by the Department of Public Safety, sheriff's department or police department indicating the person who ordered the search, the name of the arrestee and the parts of the body searched." 5 M.R.S.A. § 200–G(2)(D). The various sample log sheets submitted by the parties in connection with this motion appear to indicate, at least

---

1. On September 15, 2004, Plaintiff electronically filed a Motion for Order in Aid of Identification of Class Members (Docket Item No. 49) and a Memorandum in Support of Motion for Order in Aid of Identification of Class Members (Docket Item No. 50). Those pleadings are substantively indistinguishable from Plaintiff's Motion and Supporting Memorandum for Order in Aid of Identification of Class Members (Docket Item No. 53) filed on September 16, 2004. Although the Court will treat the Motion as having been filed on September 15, 2004, the Court will refer to the Motion with Docket Item No. 53.

in some instances, the names and addresses of detainees who were strip searched. If Defendants had maintained a discrete log for strip searches detailing the information required to be kept by Maine statute, Attorney General regulations, and Defendants' own internal procedures, as Plaintiff suggests, it would have made the identification of class members infinitely simpler. The Court does not, however, understand section 200–G(D) to require, as Plaintiff contends, the maintenance of a "separate log" detailing the information on detainees who are strip searched. Although it appears from the record made on this motion that all of the information required to be included in the log entry for each strip search by section 200–G(D), the Attorney General's regulations on strip searches, and Defendants' own internal procedures was not kept, it is not clear how that default will affect the effort to identify class members. It is premature, at this time, to address that issue. Any issue generated regarding the completeness of the records maintained by Defendants necessary to accurately identify members of the class can be raised in a proper motion.

After full consideration of this matter, the Court finds that Plaintiff is best suited to make the "reasonable effort" required by Rule 23 to identify the class members from the materials that were maintained by Defendants. If substantial inadequacies are noted, Plaintiff shall submit a written report to the Court detailing any deficiencies in the records and what information, if any, required to be maintained by these authorities is unavailable for any detainee proposed to be a member of the class. The Court will reserve ruling on Plaintiff's Motion for Approval of Notice to the Class (Docket Item No. 48) until the Court can determine whether further steps are necessary to assure that all potential class members have been identified and that they receive "the best notice practicable under the circumstances." *See* Fed.R.Civ.P. 23(c)(2)(B).

Accordingly it is **ORDERED** that:

(1) the relief requested by Plaintiff's Motion in Aid of Identification of Class Members (Docket Item No. 53) be, and it is hereby, **DENIED**;

(2) consistent with this Memorandum of Decision and Order, Plaintiff shall conduct the additional discovery to identify the class members by March 14, 2005, and file, if necessary, a written report with the Court detailing any deficiencies in the records and what information, if any, required to be maintained by these authorities is unavailable for any detainee proposed to be a member of the class by March 30, 2005;

(3) decision on Plaintiffs' Motion for Approval of Notice to the Class (Docket Item No. 48) be, and it is hereby, **RESERVED**;

(4) the deadline to file all dispositive motions, and all *Daubert* and *Kumho* motions challenging expert witnesses with supporting memoranda shall be extended until May 16, 2005;

(5) if necessary, the Court will place this case on the next available trial list once it has ruled on any dispositive motions.